Opinion by
Mr. Chief Justice Moore.
George Zinno recovered a judgment in the State of *38 Arizona against Charles A. Ciruli for the sum of $24,927.01. The judgment creditor caused execution to issue, and he obtained a judgment lien upon real property in Arizona to enforce payment of the judgment. The parties then entered into a contract under which Ciruli paid $5,000 to Zinno. The contract also provided for certain accounting procedures, and, further,
“1. That Zinno will quash an execution currently in effect in the case of Zinno vs. Ciruli, cause No. 136184, Maricopa County, Superior Court, State of Arizona. Such execution to be quashed within forty-eight (48) hours of the execution of this contract. Zinno further agrees not to file another execution in said cause of action pending the completion of an accounting described in paragraph 5 below.
* * *
“7. It is understood and agreed that this agreement shall in no way affect a judgment which Zinno holds against Ciruli in cause No. 136184, dated May 2, 1962. However, if after the completion of the accounting Ciruli owes Zinno nothing, or if owing reimburses Zinno within the said twenty (20) day period,- Zinno agrees to amend said Judgment to incorporate the results of said accounting.
“8. It is further understood and agreed that this agreement is not an admission by Zinno that the said judgment against Ciruli is not just and accurate.”
No further performance under this contract occurred.
Zinno then brought the instant action in the district court of Pueblo county seeking to make the Arizona judgment a decree of the Colorado court. Charles A. Ciruli having died, his executrix was substituted as a defendant. The defense offered to the Colorado action was that the contract -entered into after execution issued in Arizona was a novation, and that it operated to nullify the Arizona judgment. The trial court held to the contrary, and, after giving credit for the $5,000 paid by Ciruli in the Arizona proceedings, *39 entered judgment in favor of Zinno for the balance due on the original judgment.
We have read the briefs and the authorities cited, and have considered the oral arguments of counsel and we find nothing therein warranting reversal or further comment.
The judgment is affirmed.
Mr. Justice Hodges, Mr. Justice Kelley and John N. Mabry* concur.